Good morning. Good morning, Your Honors. David Parisi on behalf of Plaintiff. Let me just be sure these other gentlemen are ready. We'll wait for a second. Okay. Very good. Please proceed. I expect no more than 10 minutes, and I'll save the rest. Basically, I have four main points. The first is this is not a dispute over the amount of the loss. Plaintiff agrees with farmers on the amount of loss. The issue is the legality of farmers requiring flooring vendors to provide them with a special discount, in this case, of about 15 percent. Now, I understand farmers' position. You disagree with us on how much we pay. Therefore, we have to go to appraisal. Appraisal is not for every single loss in which the parties disagree on the amount of money to be paid. Now, why do you say that? Well, I'm glad you asked that. That was my next position. Okay. The cases the parties have cited, plaintiff and defense, really, there's Kirkwood and Doan and Goldberg and Enger, and they go on. They are almost across the board cases where the parties disagree on things such as, in fact, most of them are depreciation. Now, it's perfectly reasonable for insurers to disagree that the insured says it should be 10 percent depreciation on their cash, and the insurance company says it should be 90 percent or on the carpet or something like that. Parties disagree all the time on depreciation, material costs, costs of labor. But, counsel, as I understand it, you're arguing that you receive less money than you're entitled to under the policy. Yes. And the claims in this case constitute a failure to agree as to the actual cash value or the amount of loss. Isn't that correct? That is correct. That's where the appraisal is required. No. Why is that? Not every disagreement on the amount of loss goes to the appraisal. In fact, the cases on appraisal are quite clear. The function of appraisal is to determine the amount of damage resulting to various items submitted for consideration. But aren't we really looking at the policy, the terms of the policy? And I understand where the request for declaratory judgment is outside that. I get that. But I'm having difficulty seeing how replacement cost is not a function of the value, the actual cash value or the amount of loss. This is the same issue the trial court judge asked. We agreed. Smart judge. I respect the judge very much. I needed it for this forum. We agree on the replacement cost before the deduction of a discount by the vendor. We don't agree with a discount by the vendor. It's as if if we walked into court and we weren't dealing with a 15 percent discount, we were dealing with a 95 percent discount. Everyone would say, well, what vendor could do that for a 95 percent discount? Clearly this amount is unreasonable. I'm not going to send you to, I presume the court would say, we're not going to send you to appraisal over that. That's an unreasonable position to take. Why is that? I mean, I get your point about the quantum 95 percent versus 10 or 15. But the reality is it all has to do with whether the amount you're getting is correct. And the policy sets forth the terms of what gets appraised. Is there anything you can point to in the policy that says that the 15 percent discount you're talking about is expressly excluded from what gets appraised? I can't find that exact language in the policy. But what I can find is language in the policy that says, in fact, that Ben's pointed out quite correctly, that they're obligated to pay the reasonable cost of repair. Right. And in our complaint, in fact, in ER 206, paragraph 31 of the complaint, we allege farmers obligated preferred third-party vendors to provide farmers with a discount on the cost to repair the flooring. Farmers required vendors to include the flooring discount in their estimates and deduct 15 percent off the true cost of the damaged flooring. The actual cost. Can I interrupt you a little bit? It seems to me that your case is very similar to the Kirkwood case, in which the Court of Appeal concludes that appraisal may be required eventually, but is not required at the beginning so long as there is a legal question. And your argument is that at the moment, all we have is a legal question. Appraisal may be required later on when we're trying to figure out what was the actual amount of damage and how bad is the floor, what do we have to put in, and so on. That clearly is an appraisal question, but your argument is, as you would characterize it, a legal question being, as you get to the repair cost, you say that the repair cost has to be the repair cost that a non-favored contractor would charge, absent the 15 percent discount. And that's your argument. It's a straightforward, pretty straightforward legal argument. It's a pretty straightforward legal argument. Which may be a bad argument, but it's a straightforward legal argument. I go further than that, though, Your Honor. I go further. Doan and Kirkwood, and in fact, there's a new case, Alexander, which came out while this case has been briefed. All those cases deal with depreciation issues, where the parties legitimately dispute the amount of depreciation. And in those cases, the question was whether the insurance company's formulas for calculating depreciation was correct. In this case, there is no correct formula for calculating the discount that would be deducted from the replacement cost. It couldn't be half a percent would be wrong. I would be standing here. If it were 99 percent, I would be standing here. Whereas with depreciation, there is an area somewhere in there that is correct, but not with something like deducting a discount. And I want to raise a very important point. And the trial judge asked me this. He said, well, didn't the vendor have to make a profit? And farmers said the same thing. They said, well, the vendor must have had to make a profit, so the cost that he put down after the deduction must have been reasonable, correct? Well, no, it wasn't. In fact, we alleged in our complaint. It wasn't a reasonable amount. And the reason is because we haven't gotten into discovery. These are allegations to this point. But I expect the discovery to show that vendors had an incentive to give a lower price because, A, if they didn't get the job, farmers saved money. Farmers sat with them. B, if they did get the job at this reduced price, they go back to farmers, the insurance company, and ask for an additional amount of money, and they are always paid that additional amount of money. What's your evidence at this point that this is what your definition or your discovery is going to show? It is, I can say, informal discovery, work product. We alleged in the complaint. I do not have discovery because I have not conducted any discovery in the case. But you've got a suspicion that there's some shady something going on behind it. I'm sorry? But you've got a suspicion that there's something shady. I don't know whether to call it a kickback or something else, but that it turns out that the 15% discount that's applied in calculating the actual cash value is not, in fact, the discount that's required from those preferred vendors. That's what you're going to show? It is a discount required by the preferred vendors. They will not get the job for flooring if they don't offer it. And if they do come back, if they get that particular claim, they will be paid more than the amount of money they put on the estimate. So you think you may be able to document that in discovery? Absolutely. I mean, we – if – I believe if the contractors are truthful in their depositions. I've got a different question. I understand why, given your position, the appraisal is totally irrelevant. But why don't you let the appraisal go forward and then argue that it's totally irrelevant? Well, twofold. One is, it is – it's not explained, I believe. It is not required by the contract, so it would be improper to send it to appraisal. Second – I got that part. Why don't you say, listen, it's irrelevant, but I don't care, send your guy out. Second, let's step back and look at what we're dealing with here. And it's not in the record because it wasn't, frankly, relevant at the time. How much money are we talking? We're talking about $392. Why are you here? That issue that was – that 15% equals $392. Your fee alone is probably worth far more than that because you're an excellent lawyer, right? Yes. And appraisal costs quite a bit more than that also. In fact, it is a very expensive process for an insured to go through an appraisal process. And to force an insured – and, frankly, this is filed as a class action. Our position – I know farmers – This is a class action? Yes. So you're – I didn't read it. I read the pleadings the same as my colleague did, that where you're looking for a separate legal determination about the appraisal, but maybe that is what you're looking for. But you're saying you're doing that because you want it – this is a class action. You want some kind of an opinion that would help you moving forward and go against all the insurance companies for what they have done and forcing people to go to an appraisal. Is that what it is? Essentially, with this insurance company in this case, if the insurance company and the trial court were correct that every single person has to go through an appraisal process in order to fight them on this discount, it means that every person has to go on an individual basis and most likely you would not be able to get through it with a class action. That's why we are fighting this. So if you had your way, what would you want us to do? To say that the issue of whether or not an appraisal is required is a pure legal question that goes back to the district court, perhaps a trial to determine that issue before you go to an appraisal? Is that what you're saying? I do not believe that the issue here is appraisable at all. I understand your point, and Judge Fletcher mentioned the same thing, but I guess I'm puzzled as to what you're looking for because if you read the contract and certainly one way to do it is to say, hey, this is a valuational issue, it goes to the appraiser. You can do afterwards what Judge Fletcher talked about. What is it you want us to do? I mean, I don't get that. Worst case scenario, what I want to do is take the Doan and Kirkwood approach that Judge Fletcher mentioned, which is you stay appraisal and we go back to the trial court and we litigate on the declaratory cause of action. So in other words, you want the appraisal issue to be part of the declaratory relief action? No. Okay. Then tell me again what you want. The declaratory relief is seeking declaration from the court that is improper for an insurance company to require that their vendors give them a discount and then to apply that discount to the amount of money they pay. That's a different issue than the appraisal issue, isn't it? It is. Okay. So Judge Fletcher raised with you the question of whether you are saying that the appraisal issue is a legal issue. Where does that fit? Whether? I didn't see that in your pleading. I think it is a legal issue. It is an issue for the court to decide whether it should go to appraisal. It's an issue for the trial court. It's an issue now for this court. Do we go to appraisal or do we not go to appraisal? Well, it is certainly a legal issue. Or do you go to an appraisal now or later? Kirkwood says in the individual case an appraisal may very well be necessary. But so long as it is, I'm just trying to recite Kirkwood, so long as it is a legal question independent of the actual amount of marring on the floors or whatever it is, we can decide that legal question without the appraisal as to the specifics of what the damage is to this floor. So you're saying the question I'm presenting here is whether or not the discount from the price that would normally be charged by a non-favored vendor is appropriate. That seems to be the legal question. That does become. That's how you determine if it's an appraisal issue. I think that's right. Do you want to save any of your time? I do. I didn't realize I was going on so long. I know. It gets fun. Okay. Let's hear from the insurance company. Good morning. If it may please the Court, I'm Peter Mason. I represent the defendants and respondents. I have four points to make. I'll try to get through them very quickly. First, this is quintessentially a valuation issue. The plaintiff says that the reasonable value to replace this floor is X. The insurance company says it's something different than X. We're not here to decide who's right. That is also quintessentially an issue that ought to go to appraisal. That's what we're here all about. That's why the district court found that appraisal was the appropriate remedy as provided by California law and by the contract. Well, the real question is, what he's fighting about, is what's the number that you use as to the cost of repair before you start deducting for depreciation. And he's saying the way you calculate cost of repair is pursuant to a particular policy that you have. And the legality of determining cost of repair and the way that you do it goes across the board for all cases in which you have damage to floors. And that question is determined independently of the particular damage to the particular floor. How do you respond to that? I'll get to the issue of the independence of the two issues in a second. As to the first issue about this being a legal issue about how we calculate the reasonable cost to repair or replace, that's just a fiction. That's not what's going on here. We get a number from a vendor that says they're willing to do the material part of the repair for X. That's a data point that we consider in determining whether or not that's the reasonable cost to repair or replace. There is no legal restriction. And plaintiff cites none, nowhere in their brief, that says that that is somehow illegal to do that. There is no legal question. In terms of the mechanics of this, in a typical, I'm going to say, not appraisal, but arbitration, for example, both sides, just like with a trial, would bring in their witnesses. And they'd say, this is what we're going to do and that's what we're going to do. And then, ultimately, the arbitrator would say, well, in my view, based on the law and so on, this is what happens. I gather your position is that, in this sense, an appraiser is really no different than that, except that the focus is exclusively one of valuation and that you would put on your information saying, this is what the discount is and they would say, no, no, no, you can't do that. And then the appraiser decides whether you're right or you're wrong. Is that correct? That's exactly right. That's the way it works. Okay. That's not a legal issue. I want to contrast it and get, Judge Fletcher, to your point about how this is like Kirkwood. Respectfully, I don't agree with that. Kirkwood is involved with depreciation. And methods of calculating depreciation. That's correct. In this case, it's involved with methods of calculating cost of repair. That's also correct. But there's one major difference. Under California law, there are very specific guidelines, requirements, and restrictions regarding how you calculate depreciation. And in all of those depreciation cases, there was an argument that was made that the way that the insurance company calculated depreciation was not in accordance with California law. There was a standard. They said that it was calculated incorrectly, a violation of law. Because California had regulations or a statute that expressly dictated how it was to be handled. That's exactly right. As to the issue of depreciation, there is no analogous law or regulation as to the reasonable cost of repair. Let me fast-forward a little bit, and I'll give you a hint. That's at least my tentative view of the merits of the underlying lawsuit independent of the appraisal. So long as there's not what I'll call in a rough form some kickback that may or may not exist, I have no idea whether it exists, so long as the price you actually pay to the favored vendor who does the repair is so long as that's the actual price you pay, and then from that you deduct the depreciation,  But that's a legal question as to whether or not you're allowed to do it under California law. But it's independent as to the appraisal as to how bad the damage is on the particular floor. Because I don't think there is a legal guideline or restriction as it relates to the issue of how you calculate. Anybody can say anything's a legal issue. It doesn't make it so if there's not some sort of legal backbone in order to... It's a legal issue on which you might win. Well, for which I appreciate your comments. I'm not there yet. I haven't had the briefing on that and so on. But it strikes me that if it is a bona fide practice uniformly applied by you, that your favored vendors have to give you a little bit of a break because of their status as favored vendors, and that's the price you actually pay them. Okay. End of story. Now, he'd kind of like to get into discovery because he thinks that cannot be true. I have no idea. Let me then go to the next point. And let me assume just for sake of argument that there is a legal issue here. Obviously, we don't believe that. And that gets you into, okay, so where are we in connection with Kirkwood, Doan, that line of cases? Those line of cases all say that it is discretionary under California state law in California courts, state courts, for a judge to decide whether to decide the legal issue first or, as was posited by both members of the panel, you do the appraisal first. It's discretion. It's not required. It's discretionary under Doan and Alexander. But we're in a different ballgame here. We're in federal court. Federal court is governed by the FAA. The FAA requires in this instance, one, the first step is, is there a viable arbitration agreement, the appraisal agreement. In this case, clearly, there is, and there's no dispute about that. By the way, footnote, that's decided under state law, but regardless, there's no dispute about that. The second issue is whether or not the issue here is within or encompassed within the arbitration provision. That is decided under the FAA. And the third point, and most importantly, is because that issue is decided under the FAA, the trial court does not have discretion to decide to defer the arbitrable issue, determine the legal issue. Cited in our brief, I think it's the Woolsey matter, the Chiron matter, that is not subject to the discretion of the federal court trial. You know, I thought I didn't, I mean, I thought I read the district court's order. He doesn't treat this as an FAA case. Well, whether he treats it as an FAA case, well, whether he does or not, that's what it is. It has to be decided under the FAA. I mean, this strikes me as not an FAA case. This strikes me as, do you have to get the appraiser to come out before you can go forward? Your Honor, first of all, this is an arbitration agreement at court. I think everybody agrees to that. We're in federal court. The FAA governs the ---- Does the FAA agree this is an arbitration agreement? I don't, I think it's all, even Doan and Kirk would talk about it as being an arbitration agreement. Your particular opponent here, does anybody agree? I've known him for a long time. I don't speak for him, but I suspect he would say that he thinks it's viewed as an arbitration agreement, as do the authorities in California. Okay. And if it's viewed as an arbitration agreement in some sense, that may or may not mean that it comes under the terms of the FAA at this point. Well, we believe it is. We have briefed that issue thoroughly. I agree that Judge Wilson is a very smart judge, and there's not a hint of FAA in his order. I'm not sure that that precludes this from being governed under the FAA, just because the judge doesn't mention the statute. But let me take it then one step further. Let's assume that Doan and Kirk would do apply here, and discretion is something that the trial court and federal court can exercise. Did this judge exercise his discretion? You know, was it an abuse of discretion to decide that the appraisal here ought to go first? No. There's nothing that shows that there has to be an appraisal that's going to happen here sooner or later in any event. And for the plaintiff to argue, oh, no, they agree on everything, they don't agree on the value. We have a very strong disagreement about what the reasonable cost of repair and replace is, and that's going to have to be determined sooner or later through the appraisal process. It was not an abuse of discretion to require the appraisal to go first. Yes, Your Honor. Can I ask you just to walk me through how the policy provisions we're talking about work here? I'm sorry. Yeah, that's why I can barely talk today. The amount of money that we're focused on now, my understanding is that that's the amount that farmers would pay to the claimant before any repairs are actually made? Well, the way it works is this. First, there's a determination of the reasonable cost to repair or replace. Then, after that determination is made, and we say that that includes the data points of how much it would cost the vendor to do the job, then the amount of depreciation is deducted and the actual cash value is paid to the insured. Before any work is actually done? Correct. Okay. Then, if the work is then done, the depreciation is basically, you know, gets back to the insured, paid from the insurance company to the insured. But let's say that the work costs more than the amount that you initially paid, right? Let's say they don't choose the recommended person that you guys give them to go with someone else. Well, okay, and let's say that they don't like our vendor, they go to another vendor.  And it costs the full 100% non-discounted amount. What happens then? We are obligated to pay the reasonable cost to repair or replace. That's the whole issue in this case. If they go to somebody else and they say, oh, no, we want to retain a higher-priced vendor, we say, no, our vendor can do it reasonable. The reasonable cost that he has stated, you think not? Let's take that issue to the appraiser. Okay, so the insured certainly is not obligated to use the person that you recommend to them. No. If – okay, and so if there's a dispute later because you use somebody else, then that's – you guys work that out presumably through the appraisal process. That's right. And if they come in and say, oh, the numbers that you got from your appraiser who gives the discount, he's not a competent – I'm going to say a vendor, he's not a competent vendor, or there's no way that he can do the work at that amount, and it really can only be done reasonably by the insured's chosen vendor, that's something that can go to the appraiser. Let me ask you this. The appraiser is good at it. You give them this figure that represents – that has the 15% discount work into it, but the vendor that you provide to them is actually willing to do the work at the cost? Yes. Unless you have any questions looking further. I believe so. Thank you very much. Thank you. We'll have Learned Counsel for the plaintiff approach the bench and start off by answering the question, is this an arbitration? I'll answer it in three ways. One is, I agree Judge Wilson didn't address it one way or another. The reason he didn't is because farmers didn't address it one way or another below. The plaintiff took the position below that it was not regulated by the FAA. Okay. So you're saying it's not an arbitration. But I haven't finished, unfortunately. Okay. All right. I have to honestly stand up here and say appraisal in California is treated as an arbitration. In fact, I do know, and Vince hasn't decided, I'll tell them there are cases in California, in fact, Judge Wilson up north recently ruled a couple years ago that appraisal is controlled by the FAA. Two points, however, that are my points. One is, should an insured in California be treated differently if his claim is in federal court or state court, meaning he's in one court, he has to go to appraisal. But if he's in another court, he has to go to arbitration. And I suppose from your opponent's perspective, they are one and the same. Yeah. Right? Yeah. So where does that leave you? I would assert that, no, it should not matter whether you're in state or federal court. However, and this really comes back to the big issue, I don't think the FAA makes a difference in this case because our very strong position is, this is not an arbitrable appraisal. Let me ask you this, and I think Judge Fletcher touched on this with opposing counsel. Normally under the FAA, the district judge does not have the decision of, I guess there is discretion about answering the legal question first, but it can be put to usually the arbitrator to make that determination. Appraisers are not entitled under California law, and I think defense would agree, I don't know. Appraisers are not entitled to determine if the dispute is appraisable. The only thing they are allowed to determine, and frankly, they're contractors usually, they put numbers on items. They put the number on the brick and the number on the nail and so forth. They don't make those legal interpretations. The big issue is for the courts. Let me ask you this. It sounds to me as though what you're hoping to get is evidence that there's a scheme by which the 15% discount or whatever it turns out to be off the sort of the open market price. The 15% discount required of the favored vendors is basically a fraud. Now, I want to say very clearly I have no idea whether that's true or the facts. Is there no other way of bringing a lawsuit in which to determine whether that's the fact? Because if you can show evidence that that's the fact, you can go to the bank. But is there no other way of bringing a lawsuit than this sort of suit where you're challenging as a legal matter whether they're entitled to take what might be a bona fide discount? I mean, I'm now recharacterizing your lawsuit. It sounds as though it's a lawsuit based on fraud. I mean, what they say they're doing, they're not doing. It's a significant issue. I've never seen a case like this. Insurance companies across the board disagree with their insurers over the amount of money that they pay. That's why cases go to appraisal. You never see a case where the adjusters and the vendors put in the estimate that they have abided by a discount promulgated by the insurance company. Never have I seen anything like that during this 20-something years. But I gather you would agree, though, with Judge Fletcher that if, in fact, that is what the insurance company pays, there's no kickback, there's no funniness, that's not a problem. And my second point was, and if they don't expect the vendor to come back and ask for the additional amount of money, which is what happens in these cases. All right. Thank you very much. Thank you very much, both of you, for your arguments. The case just drags you to submit it.
judges: Fletcher, Smith, Watford